F. #2011R0670

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



11-429

- - - - - - - - - - - - - - - - - - - -x
IN THE MATTER OF AN APPLICATION        :
OF THE UNITED STATES OF AMERICA        :    SEALED APPLICATION
FOR AN ORDER AUTHORIZING THE RELEASE   :
OF HISTORICAL CELL-SITE INFORMATION    :
- - - - - - - - - - - - - - - - - - - -x

      Walter M. Norkin, an Assistant United States Attorney for the Eastern District of New York, hereby applies to the Court for an Order pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days Sprint (the "service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from 917-349-4013, a telephone issued by the service provider with IMSI number 310260589555055 (the "SUBJECT TELEPHONE"), at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONE during any calls or text message transmissions, for the period from February 1, 2011 until 11:00 a.m. Eastern Time on June 17, 2011 (collectively, "the HISTORICAL CELL-SITE INFORMATION").

      In support of this application I state the following:

      1.   I am an Assistant United States Attorney in the Office of Loretta E. Lynch, United States Attorney for the Eastern District of New York. As such, I am a duly-authorized representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d) and, as such, am authorized to apply for Orders

authorizing the disclosure of the HISTORICAL CELL-SITE INFORMATION.

    2.    The Court is authorized to order the disclosure of the HISTORICAL CELL-SITE INFORMATION upon the government offering specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation. 18 U.S.C. § 2703(d).

    3.    I have discussed this matter with a special agent of the Federal Bureau of Investigation (the "FBI" or "investigative agency"), who is involved in the investigation. Based upon my discussion with the agent, I believe that the information likely to be obtained is relevant to an ongoing criminal investigation as required by 18 U.S.C. § 2703(d). First, the investigative agency is conducting a criminal investigation into possible violations of federal criminal laws, including narcotics trafficking and Hobbs Act robberies in violation of Title 21, United States Code, Sections 841, 846, 952 and 963, and Title 18, United States Code, Sections 924(c), 924(j) and 1951. Second, it is believed that the defendant CHRISTIAN KESTON JOHN, and others known and unknown, have used and will continue to use the SUBJECT TELEPHONE in furtherance of the above offenses. Third, HISTORICAL CELL-SITE INFORMATION will further the investigation by helping to identify co-conspirators,

corroborating the observations of surveillance agents, providing leads as to subjects' residences and meetings and location of evidence.

    4.  This investigation surrounds a Hobbs Act robbery of marijuana and marijuana proceeds that took place on April 6, 2011, and which resulted in the murder of two individuals. The defendant CHRISTIAN KESTON JOHN, along with the defendant Khaa McKenzie, was indicted on May 27, 2011 and charged with a Hobbs Act Robbery Conspiracy and a corresponding substantive count, use of a firearm in connection with the robbery and the firearm-related murder of two individuals. FBI agents interviewed an individual who provided the SUBJECT TELEPHONE number as the defendant CHRISTIAN KESTON JOHN's cellular telephone. When CHRISTIAN KESTON JOHN was arrested on May 19, 2011, he did not have the SUBJECT TELEPHONE in his possession. However, cellular telephone records reveal that the SUBJECT TELEPHONE was in contact with both the defendant Khaa Mckenzie, as well as an individual who agents believe was involved in the April 6, 2011 robbery and murders. HISTORICAL CELL-SITE information for the SUBJECT TELEPHONE will allow the investigating agency to corroborate evidence that CHRISTIAN KESTON JOHN, the user of the SUBJECT TELEPHONE, was in the vicinity of the robbery. In addition, HISTORICAL CELL-SITE information for the months preceding the robbery and until the date of JOHN's arrest in mid-

May will help confirm that JOHN was in fact the user of the SUBJECT TELEPHONE. Similarly, HISTORICAL CELL-SITE information for the 30 days after JOHN's arrest will help confirm that he was the user of the SUBJECT TELEPHONE by providing a contrast to the pattern of information prior to his arrest. Finally, this more current HISTORICAL CELL-SITE information will help to locate the SUBJECT TELEPHONE.

5. Based upon the above proffer, the government requests that the Court issue Orders that provides, pursuant to 18 U.S.C. § 2703(c)(1) and (d), a directive to the service provider to supply within seven days the HISTORICAL CELL-SITE INFORMATION for the period from February 1, 2011 until 11:00 a.m. Eastern Time on June 17, 2011.

6. The government also requests that the service provider, and any other person or entity whose assistance is used to facilitate execution of the Orders be ordered not to disclose (a) the existence of the Order of Authorization; (b) the existence of the Order to Service Provider and (c) the production of the HISTORICAL CELL-SITE INFORMATION, to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person, unless and until otherwise ordered by the Court. Any such disclosure might endanger the life or physical safety of an individual; cause a

target to flee from prosecution; result in the destruction of or tampering with evidence; risk intimidation of potential witnesses; and/or seriously jeopardize the investigation.

7. No prior request for the relief set forth herein has been made except to the extent set forth above. The foregoing is affirmed under the penalties of perjury. See 28 U.S.C. § 1746.

Dated: Brooklyn, New York
June 20, 2011

_____
Walter M. Norkin
Celia A. Cohen
Assistant United States Attorney
(718) 254-6152/6147

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

M. 11-429

- - - - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION :
OF THE UNITED STATES OF AMERICA : SEALED ORDER
FOR AN ORDER AUTHORIZING THE RELEASE : OF AUTHORIZATION
OF HISTORICAL CELL-SITE INFORMATION :
- - - - - - - - - - - - - - - - - - - - - x

       This matter having come before the Court pursuant to an application by Assistant United States Attorney Celia A. Cohen, an attorney for the Government as defined by Rule 1(b)(1) of the Federal Rules of Criminal Procedure and a duly-authorized representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d), requesting Orders pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days Sprint (the "service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from 917-349-4013, a telephone issued by the service provider with IMSI number 310260589555055 (the "SUBJECT TELEPHONE"), at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONE during any calls or text message transmissions, for the period from February 1, 2011 until 11:00 a.m. Eastern Time on June 17, 2011 (collectively, "the HISTORICAL CELL-SITE INFORMATION").

       UPON REVIEW OF THE APPLICATION, THE COURT HEREBY FINDS THAT:

Pursuant to 18 U.S.C. § 2703(c)(1) and (d), the government has offered specific and articulable facts showing that there are reasonable grounds to believe that the HISTORICAL CELL-SITE INFORMATION is relevant and material to an ongoing criminal investigation into possible violations of federal criminal laws, including narcotics trafficking and Hobbs Act robberies in violation of Title 21, United States Code, Sections 841, 846, 952 and 963, and Title 18, United States Code, Sections 924(c), 924(j) and 1951, being conducted by the Federal Bureau of Investigation (the "investigative agency"); now therefore,

IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that the service provider shall supply to the investigative agency within seven days the HISTORICAL CELL-SITE INFORMATION for the period from February 1, 2011 until 11:00 a.m. Eastern Time on June 17, 2011;

Good cause having been shown, IT IS FURTHER ORDERED, that this Order and the application be sealed until otherwise ordered by the Court, and that the service provider, its representatives, agents and employees, and any other person or entity involved in facilitating this Order shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of this Order, the existence of the Order to Service Provider or the production of the HISTORICAL CELL-SITE INFORMATION to the listed subscriber for the SUBJECT TELEPHONE,

the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person.

Dated:    Brooklyn, New York
           June 20, 2011

s/ VVP

---

THE HON. VIKTOR V. POHORELSKY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

139

- - - - - - - - - - - - - - - - - - - - - -x
IN THE MATTER OF AN APPLICATION          :
OF THE UNITED STATES OF AMERICA          :   SEALED ORDER TO
FOR AN ORDER AUTHORIZING THE RELEASE     :   SERVICE PROVIDER
OF HISTORICAL CELL-SITE INFORMATION      :
- - - - - - - - - - - - - - - - - - - - - -x

WHEREAS this Court has, upon the application of the United States of America, entered an Order pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days Sprint (the "service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from 917-349-4013, a telephone issued by the service provider with IMSI number 310260589555055 (the "SUBJECT TELEPHONE"), at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONE during any calls or text message transmissions, for the period from February 1, 2011 until 11:00 a.m. Eastern Time on June 17, 2011 (collectively, "the HISTORICAL CELL-SITE INFORMATION").

NOW THEREFORE, IT IS HEREBY:

ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that the service provider shall supply within seven days the HISTORICAL CELL-SITE INFORMATION for the period from February 1, 2011 until 11:00 a.m. Eastern Time on June 17, 2011;

IT IS FURTHER ORDERED that this Order shall be sealed until otherwise ordered by the Court, except that copies may be

retained by the United States Attorney's Office, the Federal Bureau of Investigation, the service provider and any other person or entity whose assistance is used to execute this Order; and

IT IS FURTHER ORDERED that unless and until otherwise ordered by the Court, the service provider and its representatives, agents and employees, and any other person or entity providing technical assistance in executing this Order shall not disclose until further notice in any manner, directly or indirectly, by any action or inaction, the existence of the this Order or the production of the HISTORICAL CELL-SITE INFORMATION, to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person.

Dated:  Brooklyn, New York
        June 20, 2011

s/ VVP

THE HON. VIKTOR V. POHORELSKY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

2